The latter case was decided by judges Storer, Taft and Hagans.

We therefore conclude, that where a party desires to review the findings of a referee on the weight of the evidence, it is necessary to file a motion for new trial with such referee and that an exception be noted to the overruling of the same, and that any bill of exceptions taken must be tendered to and signed by the referee.

This rule was not followed in this case, and we sustain the motion to strike the bill of exceptions from the files. The only questions remaining in the recoord for our consideration, are the rulings on the demurrers to the answers and cross-petitions of Mrs. Fisher and Mr. Ackerman, and perhaps one other. We are content with the decision of the lower court upon them, and affirm its judgment.

Judgment affirmed.

*F. E. Guthrie*, for plaintiff in error.

*Schofield, Durfee & Schofield; Crissinger & Fisher*, for defendant in error.

---

# UNIFORM OPERATION OF LAWS.

[Hamilton Circuit Court, October Term, 1898.]

Smith, Cox and Swing, JJ.

## Susan W. Longworth v. Cincinnati et al.

1. General Laws Need not have Uniform Operation as to Manner in which Power of State Shall be Exercised in Different Portions of the State.

The act of March 30, 1893, 90 O. L., 238, providing "that in cities of the first grade of the first class the board .of administration of any such city shall have authority to cause any alley of said city that is twenty feet or less in width to be improved with such material as said board shall deem best" is not unconstitutional for the reason that such alleys are to be built by a particular board in said cities and alleys of a different width are to be built by another board. The fact that the subject-matter is of a general nature does not require that the law shall have a uniform operation throughout the state as to the manner in which the powers of the state shall be exercised in the different portions of the state. This relates to the acts to be performed by the corporation in the exercise of its sovereignty, and if in doing it the citizen is not directly injured he cannot complain.

2. Law Imposing Burdens on Property Owners in One Part of the State not Imposed Elsewhere is Unconstitutional.

The seventh section of said act, however, provides that the entire cost of the improvement, except two per cent. and the intersections, shall be assessed on the lots and lands bounding and abutting on the improvement, whereas, in any other portion of the state, under sec. 2293 Rev. Stat., the property owner would have to pay only one half the cost of the improvement. The statute, therefore, imposes a burden on owners of real property situated in cities of

the first grade of the first class not imposed on owners of real property situated in other parts of the state and is unconstitutional in so far as it applies to twenty foot alleys which have been previously improved and where no change of grade is made.

SWING, J.

This is an action against the defendants to enjoin the collection of certain assessments made by said city, on the property of the plaintiff abutting on Fugate alley in said city, for the improvement of said alley. Said improvement was made under and in accordance with the act of March 30, 1893, 90 O. L., 238.

The first section of the act provides:

"That in cities of the first grade of the first class, the board of administration of any such city, shall have authority to cause any alley of said city that is twenty (20) feet or less in width, to be improved with such material as said board shall deem best, and the method of procedure in such case shall be as follows:" etc.

The seventh section of said act provides:

"The entire cost of such improvement, except the costs of intersections and two per cent. of the entire cost which shall be paid by the city, shall be assessed upon the parcels of lots and lands bounding or abutting upon the improvement in the manner provided by law."

The other provisions of the act relate to the details of fixing the assessment and need not be here set forth.

It is claimed by the plaintiff that this law is unconstitutional in that it conflicts with sec. 26, art. 2, of the constitution. Probably no provision of our constitution has been so difficult to construe or has been so prolific of litigation as this one. That there should be such a provision in the constitution seems reasonable and proper, and yet when the classification of cities is granted by the constitution, it has been found very difficult to ascertain just what laws do and what laws do not contravene this section. This difficulty has been so great that our Supreme Court has repeatedly said that it will not attempt to give any general rule defining its scope, but will reserve to itself the right to decide every case as it comes before it. This court, however, in Ampt v. City, 5 C. D., 356, thought there was a general principle running through the decisions of the Supreme Court, and in deciding that case, used the following language, at p. 358.

"Other cases of the Supreme Court might well be cited upon this question, but they do not conflict with these. These cases clearly show the view taken by that court of this provision of the constitution, and while in each of these cases they say they will not lay down any general rule as to its meaning, but will reserve to themselves the right to pass on every law as it comes before them, it seems to me that there is a rule deducible from these decisions, and that is this, that whenever any law directly operates on and affects the rights, privileges and interests of the citizens, and there is no reason why it should not operate on all the citizens of the state alike, it is a law of a general nature within the meaning of this section of the constitution, and should have a uniform operation throughout the state. But where a law relates to the government of cities and to the doing of corporate acts, and only indirectly affects the citizen, it is not a general law within the meaning of this section although the subject-matter, if applied to any portion of the state other than classified cities and incorporated villages, would be a law of a gen-

eral nature. Such construction seems necessary in order to give effect to sec. 6, art. 13, of the constitution."

This decision was afterwards approved by the Supreme Court, Alter (and Ampt) v. Cincinnati, 56 O. S., 47. But it is probable that said court did not intend to approve of the particular portion of the decision above quoted for in the same volume, in Gaylord v. Hubbard, 56 O. S., 25, the court in an able and comprehensive opinion discusses this provision of our constitution, but does not announce such a rule. However, in our opinion, the principle of the rule is fully recognized and is the very foundation of the judgment of the court in that case. The court say, at page 37 :

"It directly concerns every owner of a parcel of land within the state, and indirectly the owner of any other species of property liable to taxation under our system of raising public revenue, and also affects the public revenue itself."

And again, at page 38, the court say :

"That act granted relief to taxpayers who in a county having a city of the first grade of the first class, had erroneously paid taxes under a certain section of the Revised Statutes, while no relief was provided for a taxpayer for taxes paid under similar conditions in the other counties of the state. The act in that case granted relief to persons who had paid taxes in one county which was denied to persons who, under identical circumstances, may have paid them in the other counties of the state. In the case under consideration the statute imposes a burden upon owners of real property situated in cities of the second grade of the first class (Cleveland), not imposed upon the owners of real property situated in other parts of the state. We think sec. 26 of art. 2 of the constitution prohibits this being done."

The above is the real ground of the opinion, and is based on the fact that it directly affects the individual property owner.

We are of the opinion that the subject-matter here under consideration, viz: Alleys, is undoubtedly general, and not local. We think the common understanding of mankind is that alleys are like streets, highways and bridges. They are common to every city, village or hamlet within the state, and have the same general characteristics wherever located, and in this respect are easily distinguished from waterworks, sewers and crematories which differ in every locality, and are, therefore, proper subjects for local legislation : but the fact that the subject-matter is of a general nature does not require that the law shall have a uniform operation throughout the state as to the manner in which the powers of the state shall be exercised in the different portions of the state. One board or agency may perform the duties incident to sovereignty in one city, and another board in another city, and still another board in another city or village perform the same act. The manner in which the corporate powers and duties are performed does not affect directly the rights of the individual property owners. If the subject-matter is of a general nature, his right is that his person and his property shall be affected in all material matters in the same way and manner throughout the whole state. This, we think, is the correct rule.

Therefore, we see no reason to hold this law unconstitutional for the reason that alleys of twenty feet or less in width are to be built by a particular board in said city, and alleys of a different width are to be built by another board. This relates to the acts to be performed by the corporation in the exercise of its sovereignty, and if in doing it the citizen is not directly injured, he cannot complain.

But does this act directly affect the individual property owner abutting on an alley of twenty foot or less in the city of Cincinnati differently from what it does in other portions of the state, or differently from the owner of lands abutting an alley more than twenty feet wide in said city? If so, the subject-matter being general, it must be contrary to this provision of the constitution. It will be observed that section seven of this act requires that the entire cost of the improvement excepting two per cent and the intersections shall be assessed on the lots and lands bounding and abutting on the improvement, whereas in the general law, section 2293, Revised Statutes, it is provided:

"If the cost and expenses of improving a street, alley or other public highway have been paid by the abutting property owners and the grade remaining unchanged it becomes necessary to re-pave such street, alley or highway, one half of the costs and expenses of such re-paving shall, if the council deem it just, be placed on the general tax list of all taxable property in the corporation, and collected as other taxes are collected, and applied to such cost and expense of re-paving."

The petition in this case alleges that the alley in question had previous to this improvement been graded, curbed and paved by the authorities of said city at the expense of the abutting property, and that no change of grade had been made.

It seems clear to us, therefore, that the property owner who had once paved his alley, and when there is no change of grade on a twenty foot alley or less, in the city of Cincinnati, has had taken away from him certain rights which are accorded to every other property owner in the state. In said city his property is liable for the whole improvement, whereas in any other portion of the state, the property owner may have to pay only half the cost of the improvement. In the Gaylord-Hubbard case, *supra,* quoting again from said case, the Supreme Court say:

"In the case under consideration the statute imposes a burden on owners of real property situated in cities of the second grade of the first class (Cleveland) not imposed on owner of real property situated in other parts of the state."

This statement in every particular is exact and applicable here, if we insert cities of the first grade for cities of the second grade of the first class. For this reason, and this reason only, we feel in duty bound to hold this act unconstitutional in so far as it applies to twenty foot alleys which have previously been improved and where no change of grade is made. We have been forced to this conclusion after a careful consideration of the question, and with a desire to hold the law constitutional if we could, well knowing the great harm that may result to the city if the law should be so held. Without regard to our own opinions on this subject we would feel ourselves in duty bound to hold the law valid by reason of the decision of the general term of the superior court of this city, announced in Emery v. Cincinnati, 6 Dec., 411, wherein said law was held valid, were it not for the fact that the exact question here raised, and considered by us of vital importance, was not then passed upon by that court and we are informed by the learned and able judge who pronounced the opinion in that case, that it was not argued or presented to that court for consideration, and, therefore, the decision should not be considered as a binding authority on the question here presented and decided.

The injunction must be granted as prayed for.

*Thomas McDougall,* and *Pogue & Pogue,* for plaintiff et al.

*Kinkead & Kattenhorn,* city solicitors, for city.